REES PRINTING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6705, 22642. Promulgated January 27, 1930.

*Clinton Brome, Esq.*, and *Amos Thomas, Esq.*, for the petitioner. *G. S. Herr, Esq.*, for the respondent.

**OPINION.**

LANSDON: The petitioner's single prayer is for relief under the provisions of sections 327 and 328 of the Revenue Act of 1918. The only pleaded basis for such relief is that its invested capital for the taxable year can not be determined. The evidence shows that the books and records of the petitioner are very fragmentary and that for its earlier years all have been lost. Notwithstanding the paucity of records, however, the respondent has determined the petitioner's invested capital for 1918 in the amount of $131,365.75, representing

$100,000 capital stock and $31,365.75 surplus, and for the year 1919 in an amount not disclosed by the record.

The petitioner has proved that it spent considerable amounts in the development of an improved ticket-printing-and-numbering machine used by its auxiliary, the Rees Ticket Co., and that such machine enabled it to operate the ticket-printing department of its business, incorporated separately for convenience, economically and efficiently and meet competition, secure business and earn profits not otherwise possible. One of the witnesses testified that about 60 per cent of the income of the affiliated group was earned by the Rees Ticket Co., and that such earnings resulted from the use of the new machine, the cost of which for the most part had been charged to expense. The record is not consistent with this testimony. The parties stipulated that the Commissioner has determined that the net taxable income of the petitioner in 1918 was $30,677.64, and that of the Rees Ticket Co. only $5,644.12. No evidence adduced by the petitioner challenges the accuracy of these figures. It is manifestly impossible, therefore, to accept as true the petitioner's allegation that 60 per cent of the consolidated income in such year consisted of profits earned by the ticket-printing department. There is no convincing proof that uncapitalized cost of ticket-printing machines or any other improvements made, as claimed by petitioner, contributed substantially to income in either of the taxable years.

As stated above, the respondent has determined invested capital for each year in controversy, and for one such year included therein capital stock and earned surplus in the respective amounts of $100,000 and $31,365.75. In the absence of proof of the nature or value of the assets represented by such capital stock and surplus, it is impossible for us to sustain the claim that invested capital can not be ascertained.

*Decision will be entered for the respondent.*